UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21-CR-02565-GPC-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| ANDREW EDWARD MOORE, | |
| Defendant. | **[ECF No. 61]** |

On December 13, 2022, this Court convicted Andrew Edward Moore ("Defendant") of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 71. The Court originally sentenced Defendant to 70 months of imprisonment, which was later corrected to 66 months and 13 days, followed by three years of supervised release. ECF Nos. 57, 70.

On May 30, 2024, Defendant filed a pro se motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c) pursuant to the recently enacted zero-point offender

1

21-CR-02565-GPC-1

provision of U.S.S.G. § 4C1.1.  ECF Nos. 61, 67.  The government filed a response in opposition.  ECF No. 67.  The government argues a reduction is unwarranted because Defendant is not a zero-point offender and Defendant's imposed sentence already falls below the amended guidelines range.  *Id.* at 4.

A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).  U.S.S.G. § 4C1.1(a)(7) requires that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7).  However, even if a defendant meets the § 4C1.1(a) requirements, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"  U.S.S.G. § 1B1.10(b)(2)(A).

First, Defendant presented one criminal history point at sentencing, and he possessed a firearm during the commission of the offense involving methamphetamine. ECF No. 60 at 10-11. Additionally, the Court found the appropriate advisory guideline range to be 87 to 108 months.  ECF No. 60 at 11.  Defendant's originally imposed term of 70 months is already below this advisory range.  *Id*. at 15. Therefore, the Court may not reduce Defendant's sentence.  *See* U.S.S.G. § 4C1.1(a)(7); U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]"). Therefore, the Court is required to deny Defendant's motion for reduction based on the zero-point offender provision.

1 |       For the above reasons, the Court **DENIES** Defendant's motion to reduce his
2 | sentence under 18 U.S.C. § 3582(c)(2).
3 | **IT IS SO ORDERED.**
4 | Dated:  August 27, 2025

                                   Hon. Gonzalo P. Curiel
                                   United States District Judge